NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2360
_____

STEVE BARTNICKI,
Appellant

v.

SCRANTON SCHOOL DISTRICT; ALEXIS KIRIJAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3:18-cv-01725
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 9, 2022

Before: JORDAN, HARDIMAN, and SMITH, *Circuit Judges*

(Filed: September 15, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge.*

Steve Bartnicki, a public school teacher employed by Scranton School District at West Scranton High School, brought claims under 42 U.S.C. § 1983 and Pennsylvania law against the School District and its then-superintendent, Alexis Kirijan. He claimed that Kirijan violated the First Amendment and state tort law by retaliating against him— in the classroom, on the soccer field, and even at his church—for his public criticism of her "handling of school district matters." A61.

At the pleadings stage, the District Court concluded that Bartnicki failed to state federal or state law claims with respect to Kirijan's alleged intervention at Barnicki's church. And on Defendants' motion for summary judgment, the District Court determined that Bartnicki's remaining theories—alleging that Kirijan prevented his assignment to an honors class and his hiring as the assistant soccer coach—failed to raise triable questions of material fact.

Bartnicki now appeals. Because the District Court did not err in entering either order, we will affirm.[1]

---

[1] The District Court had federal question jurisdiction over Bartnicki's First Amendment retaliation claim under 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

We apply *de novo* review to both the District Court's dismissal order, *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021), and its entry of summary judgment, *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 872 (3d Cir. 2022).

# I

First, we agree with the District Court that Bartnicki did not state a First Amendment retaliation claim insofar as the claim was based on Kirijan's comments to Bartnicki's priest. First Amendment claims require "state action," so Bartnicki could not have maintained a claim premised on official action unless Kirijan, in speaking with Bartnicki's priest, can "'fairly be said'" to have "act[ed] in h[er] official capacity or while exercising h[er] responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 49–50 (1988) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Failing that, Bartnicki could not have proceeded on his claim unless he plausibly alleged that Kirijan "used authority derived from the state in causing the alleged harm." *Harvey v. Plains Twp. Police Dept.*, 421 F.3d 185, 189 (3d Cir. 2005).

At best, even after "accept[ing] as true all factual matters" in Bartnicki's complaint, *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021), Bartnicki alleged no more than Kirijan's "mere presence" as a private citizen at Bartnicki's church, *Harvey*, 421 F.3d at 190. Bartnicki did not explain why Kirijan's position as superintendent was a "but-for cause" of her ability to speak with his priest. *Id.* at 191. Accordingly, we conclude as the District Court did that Kirijan, unlike a police officer accused of abusing his appearance of "public authority" to improperly access private property, *id.*, was not taking action "made possible only because [she was] clothed with the authority of state law," *West*, 487 U.S. at 49 (citation and quotation marks omitted).

3

## II

Second, we agree with the District Court's dismissal of Bartnicki's state law defamation and false light claims, which were also based on Kirijan's conversation with Bartnicki's priest.[2]  Kirijan's alleged statements to the priest—that Bartnicki was "offensive" and implied that he was a "bully," A65–66—were nothing more than her opinion.  And an opinion, "without more," is not actionable as defamation under Pennsylvania law.  *Baker v. Lafayette College*, 532 A.2d 399, 402 (Pa. 1987).  Because Bartnicki's defamation claim relied only on this alleged statement and implication, his defamation claim was legally insufficient.[3]

Bartnicki also failed to state a false light claim.  He did not allege that Kirijan called him offensive or a bully to anyone other than his priest.  And Kirijan cannot be held liable under the tort of false light unless her allegedly offensive statement was communicated "'to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'"  *Curran v. Children's Serv. Ctr. of Wyo. Cnty., Inc.*, 578 A.2d 8, 12 (Pa. Super. Ct. 1990) (quoting

---

[2] "In an action for defamation, it is the court's duty to determine if the publication is capable of the defamatory meaning ascribed to it by the party bringing suit."  *MacElree v. Phila. Newspapers, Inc.*, 674 A.2d 1050, 1053 (Pa. 1996).

[3] There is no merit to Bartnicki's contention that the District Court should have abstained from reaching Bartnicki's state law defamation claim.  The supplemental jurisdiction statute makes declination of jurisdiction over a state law claim "permissive, not mandatory."  *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1508 (3d Cir. 1996) (discussing 28 U.S.C. § 1367).  We will not second guess the District Court's exercise of its discretion.

Restatement (Second) of Torts § 652D cmt. A (Am. Law Inst. 1977)). Thus, Bartnicki's false light claim was deficient for failure to plead widespread public dissemination or its equivalent.

## III

Third, and finally, we agree with the District Court's entry of summary judgment in favor of Defendants with respect to Bartnicki's remaining First Amendment retaliation theories. According to Bartnicki, Kirijan violated his First Amendment rights by denying him an assignment to a West Scranton High School honors class and preventing his hire as the school's assistant soccer coach.

Bartnicki did not claim that anyone other than Kirijan wronged him. Yet Bartnicki proffered no evidence other than his own speculation that could connect Kirijan to the complained-of employment actions. The record is devoid of evidence that Kirijan participated in selection for the assistant soccer coach position.

No one other than Bartnicki testified that Kirijan was involved in the honors class assignment or soccer coach hiring decisions. Bartnicki's testimony, in turn, was based on his speculation that the Scranton School District superintendent "holds final say over all appointments." A767. But Bartnicki himself observed that, under the Scranton School District Policy Manual, "[t]he Superintendent *or* designee shall provide a *system* of assignment or reassignment for district employees." *E.g.*, A765–66 (emphasis added). So Bartnicki's reference to the Policy Manual, on its own, is not evidence capable of implicating Kirijan in the complained-of employment actions. *See Shelton v. Univ. of Med.*

*& Dentistry of N.J.*, 223 F.3d 220, 227 (3d Cir. 2000) ("Such speculation is insufficient to raise a fact issue precluding summary judgment.").

Bartnicki suggested before the District Court that his principal at West Scranton High School confirmed Kirijan's involvement in the complained-of employment actions, but Bartnicki's principal did not actually say anything to that effect. Instead, according to Bartnicki in his deposition, his principal merely "put his hands up and shrugged" when asked if Bartnicki was not could be assigned to the honors class. A789.

Because the principal's response was "not in words or was in body language," and Bartnicki did not provide contextual evidence capable of suggesting that his principal was referring to Kirijan, "the only reasonable reading of [Bartnicki's] testimony as a whole is that [his principal] remained silent [on Kirijan's involvement], and we assess [Bartnicki's] case on that basis." *Weston-Smith v. Cooley Dickinson Hosp., Inc.*, 282 F.3d 60, 66 n.5 (1st Cir. 2002) (cleaned up). Accordingly, we conclude that Bartnicki's reference to his principal's body language was not enough to raise a genuine dispute as to whether Kirijan was involved in the honors class assignment or soccer coach hiring decisions.

IV

For the reasons set forth above, we will affirm the District Court's dismissal of some of Bartnicki's claims and its entry of summary judgment in favor of Defendants with respect to Bartnicki's remaining claims.